# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **CLIFTON JAMES RICHARDSON, JR.** | **CIVIL ACTION NO. 08-0937** |
| **VS.** | **JUDGE JAMES** |
| **JUDGE C. WENDELL MANNING, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On June 30, 2008, plaintiff Clifton James Richardson, Jr., filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. He then filed numerous other pleadings, which, like his original convoluted complaint are difficult to decipher. Nevertheless, his claims have been served on various defendants who have moved for dismissal. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the Motions to Dismiss be **GRANTED** and, that the complaint be **DISMISSED WITH PREJUDICE.**

## *Statement of the Case*

### *1. Original Complaint*

Plaintiff submitted his *pro se* complaint on June 30, 2008. He asked the court "to assign docket numbers" to various defendants – the Board of Supervisors at Southern University, Judge C. Wendell Manning of Louisiana's Fourth Judicial District Court, the Louisiana State Police "and their commissions," the Monroe City School System, the Ouachita Parish School System, Central Oil and Supply, and S. Elliott, the Clerk of the United States Supreme Court. He also

requested "criminal background checks" and asked the court to find the defendants in contempt of court.

He alleged "abuse of process," (citing 28 U.S.C. §2680h and Article III of the United States Constitution) and "harassment" for failing to provide the results of criminal back ground checks. Finally, he asked for an answer to various "federal questions" posed in the complaint. [rec. doc. 1]

He also requested leave to proceed *in forma pauperis* and appointment of counsel. [rec. docs. 2 and 3] On July 2, 2008, the undersigned denied plaintiff's request to proceed *in forma pauperis*. [rec. doc. 4] Thereafter, plaintiff paid the filing fee.

## *2. Amended Complaints*

On July 8, 2008, plaintiff filed an amended complaint naming various United States Magistrate Judges, United States District Court Judges, and Judges of the Fifth Circuit Court of Appeals as defendants; he alleged that these judges "would not allow a Default Application in case 95-cv-368; allowed a private attorney to represent the State of Louisiana, and denied plaintiff pauper status in case number 06-cv-5749. He alleged that the court of appeals judges "upheld the lower court's decision." [rec. doc. 5]

On the same date he filed another amended complaint requesting the court to sanction an attorney named D. Rubenstein. [rec. doc. 6]

On August 8, 2008, plaintiff filed a third amended complaint asking the court to include the Civil Rights Act of 1964, Title IX, to his complaints. [rec. doc. 7] On the same date he filed a fourth amended complaint listing the following defendants in the pleading he characterized as a "Harassment Complaint" – (1) Monroe City School System; (2) Monroe Water Treatment Plant;

(3) Ouachita Parish School System; (4) Rubenstein, D, Attorney in cases no. 99-cv-368 or 398 and 00-cv-3124; (5) Sanders, G., Attorney General Staff in case No. 95-cv-368, (6) the State Police, (7) the State Police Commission, Debra Johnson, Director; (8) State Police Troop A, B, and F; (9) Judges Barksdale, King, Garza, Davis and Stewart of the United States Fifth Circuit Court of Appeals and (10) Magistrate Judges Noland, Roby, Wilkinson, and Zainey; (11) Judge Manning; (12) S. Elliott Clerk of the United States Supreme Court, and (13) EEOC Investigators Thomas, Hicks, and Kandan. [rec. doc. 8]

*3. Motion to Recuse and Motion for Discovery*

On August 8, 2008, plaintiff also filed a motion to recuse the undersigned. [rec. doc. 9] On the same day he filed a "Motion to Discover Harassment and an Incorporated Motion to Admit – requesting "that this will admit all relevant findings that are based from Facts and Laws." [rec. doc. 10] On the same date he filed a "List of Relevant Facts." [rec. doc. 11]

On August 11, 2008, the undersigned denied the Motion for Recusal and the Motion to Compel Discovery. [rec. doc. 13]

*4. Voluntary Dismissal of Certain Defendants*

On August 14, 2008, plaintiff filed a motion to voluntarily dismiss Judges Barksdale, King, Garza, Davis, and Stewart; Judges Wilkinson and Zainey and EEOC investigators Hicks and Kandan. [rec. doc. 15] On August 20, 2008, his motion was granted and those defendants were dismissed from the litigation. [rec. doc. 16]

*5. Motions to Dismiss*

On September 8, 2008, defendant David G. Sanders filed a Motion to Dismiss on the grounds of improper service of process, prescription, and failure to state a claim for which relief

3

might be granted. [rec. doc. 19] On September 9, 2008, Judge Manning likewise filed a Motion to Dismiss which also alleged improper service of process, immunity, and failure to state a claim for which relief might be granted. [rec doc. 22] On September 11, 2008, defendant Southern University Board of Supervisors filed a motion to dismiss which alleged improper service, prescription of the claims, immunity, and failure to state a claim for which relief might be granted. [rec. doc. 25] On September 15, 2008, State Police Troops A, B, and F filed a Motion to Dismiss based on improper service of process, lack of procedural capacity to be sued, and failure to state a claim. [rec. doc. 27] On September 17, 2008, defendant Debra Johnson filed a motion to dismiss on the grounds of improper service of process, immunity, and failure to state a claim. [rec. doc. 29] On September 18, 2008, the Monroe Water Treatment Plant filed a motion to dismiss alleging improper service, lack of procedural capacity and failure to state a claim. [rec. doc. 30]

*6. Opposition to Motions to Dismiss*

On September 23, 2008 plaintiff filed an opposition to the various motions to dismiss which he entitled a "Reply to Counter Claim Judicial Harassment." [rec. doc. 34]

*7. Request for Judgment by Default*

On October 9, 2008, petitioner filed a request for "Rule 55 Judgment by Default Judicial Harassment" seeking entry of default against Magistrate Judges Noland and Roby, United States Supreme Court Clerk S. Elliott, the Monroe City School System and the Ouachita Parish School System. [rec. doc. 36] On October 22, 2008 his request for default was denied because plaintiff did not serve the defendants as required by law. [rec. doc. 42]

### *8. Motion to Appoint Counsel*

On October 17, 2008, plaintiff filed another application to proceed *in forma pauperis* and another motion to appoint counsel. [rec. docs. 37 and 38].

### *9. Motion for Sanctions*

On October 20, 2008, plaintiff filed a "Rule 11 Motion for Sanction for Judicial Harassment" with an accompanying memorandum and various exhibits. [rec. doc. 41] According to the motion, the "... Defendants of this Class have failed to obey Rule 7 (there shall be an Answer)..."

The motion also set forth, for the first time, plaintiff's claims with respect to various defendants. He alleged that United States Magistrate Judge Christine Noland of the United States District Court for the Middle District of Louisiana "should have granted the petitioner's motion to default the unrepresented females (Ericka Collins and Sheila Evans) in case number 95-cv-368."

He claimed that Southern University "... needs to provide signed written proof of the females' student or employment status and their local address..."

He claimed that his exhibits establish that another person named Clifton James Richardson was convicted of some offense as a result of the arrest on Southern's campus on September 14, 1992, and that petitioner was "released." He implies that this, combined with "State Police Employment Information" defines fraud or perjury.

He claimed that United States Magistrate Judge Karen Wells Roby of the United States District Court for the Eastern District of Louisiana should not have granted "Cash America's

Motion to Dismiss the petitioner's complaint of erroneous weapon purchase denial in case 99-cv-368 or 398... " or 00-cv-3124.

He claimed that S. Elliot, Clerk of the United States Supreme Court should not have denied petitioner's filings in that Court.

He claimed that the Monroe City School System and the Ouachita Parish School System "...should have allowed the Petitioner to view the State Police Criminal Background Check..."

He also alleged that he needs to know "... if there is another Clifton Richardson who is involved in this matter..."

He alleged, "Judge C. Wendell Manning's case 02 cv 5635 was heard in State Court. The proper forum for this Complaint is the US Supreme Court. However, the complaint was denied in this court." [rec. doc. 41]

*10. Motion to Set Aside Default and Motion to Dismiss*

On October 22, 2008, the United States Attorney filed a Motion to Set Aside Default and to Dismiss the claims filed against Sandra Elliott, the Clerk of the United States Supreme Court.

*Law and Analysis*

*1. Motion for Appointment of Counsel/Motion to Proceed In Forma Pauperis*

Plaintiff has twice requested appointment of counsel in this proceeding. [see rec. docs. 3 and 38] He has also requested *in forma pauperis* status on two occasions. [rec. docs. 2 and 37] Based on the information provided in his original application, plaintiff's motion to proceed in forma pauperis and his motion for appointment of counsel were denied on July 2, 2008. [rec. doc. 4] He has since paid the requisite filing fee.

The undersigned has again reviewed his applications and again concludes that plaintiff should not be considered indigent. When he filed his original complaint on June 30, 2008, he alleged that although he was unemployed, he had $1200 in savings. [rec. doc. 2] His second *in forma pauperis* application filed on October 17, 2008, revealed that within the past 12 months he received in excess of $8,000 in the form of earned income and disability payments, and, that despite the passage of four months, he still had $1,000 in savings. [rec. doc. 37] For that reason alone, plaintiff is not entitled to appointed counsel.

Further, even if plaintiff were indigent, that fact alone would not necessarily warrant appointment of counsel. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United

7

States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint, various amended complaints, and additional pleadings setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has first hand knowledge of the facts which form the basis of this action. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

Accordingly, plaintiff's request for appointment of counsel should be denied because he is not indigent and because the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's request should be denied because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

Finally, plaintiff's second request to proceed *in forma pauperis* should also be denied as moot and because, as shown above, plaintiff is not indigent.

## *2. Failure to State a Claim for Which Relief May be Granted*

To quote United States District Judge A.J. McNamara, plaintiff's pleadings present "... such a rambling connexity (sic) of disjointed thought..." that characterization of his claims and the basis for those claims presents a daunting task. [See *Clifton Richardson v. Cash America, Inc. of Louisiana*, No. 2:1999-cv-3124, United States District Court, Eastern District of Louisiana, at rec. doc. 63] Nevertheless, the undersigned has conducted an exhaustive examination of plaintiff's pleadings, exhibits, and related jurisprudence.

It appears that plaintiff's current state of dissatisfaction began when he was arrested while he was a student at Southern University in Baton Rouge in 1992. [See *Clifton Richardson v. Southern University*, 118 F.3d 450 (5th Cir. 1997); see also plaintiff's exhibits, voluntary statements of Shelia Evans and Erika Collins, rec doc. 41-3, pp. 1-2.] According to the Fifth Circuit's appreciation of the facts,

> Richardson was charged by University police with two misdemeanor counts of sexual battery, obscenity, and two counts of simple assault. Sheila Evans and Ericka Collins were the complainants. A student disciplinary hearing before the University Judiciary Committee was held on October 27, 1992; Evans and Collins participated in the hearing. The Committee concluded that Richardson was guilty of the charged offenses and recommended expulsion as the proper penalty for Richardson's violations. Richardson was informed of these facts by letter dated October 29, 1992. Richardson's administrative appeal was denied on March 30, 1993.
>
> On April 4, 1995, Richardson (proceeding *pro se*) brought an *in forma pauperis* § 1983 suit in federal court against Southern University and the two students who participated in the disciplinary hearing. Richardson alleged due process violations in his student disciplinary hearings, verbal abuse from a faculty member, false information on teacher certification by a staff member, denial of a fair and

9

> reasonable recommendation concerning his job performance, false arrest, and cruel and unusual punishment. He also asserted state-law causes of action for defamation and false imprisonment against Southern and defamation against students Evans and Collins. Richardson sought $1,700,000 in compensatory damages and $3,000,000 in punitive damages.
>
> Southern University (represented by the Louisiana Department of Justice) filed a motion to dismiss the case on the grounds that Richardson's § 1983 and state-law false imprisonment causes of action were barred by sovereign immunity and that Richardson's state-law defamation action was time-barred. [footnote omitted] The district court, treating Richardson's suit as one against Southern's Board of Supervisors, agreed with Southern and dismissed all of Richardson's claims.

*Richardson v. Southern University*, 118 F.3d at 450.

The Fifth Circuit dismissed plaintiff's appeal on the basis of Eleventh Amendment immunity. *Richardson v. Southern University*, 118 F.3d at 456. Plaintiff's petition for *certiorari* was denied by the United States Supreme Court on January 20, 1998. *Richardson v. Southern University*, 522 U.S. 1078, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998).

It appears that plaintiff's unsuccessful lawsuit was initially filed in the United States District Court for the Middle District of Louisiana and that defendant United States Magistrate Judge Christine Noland authored a Report and Recommendation. It further appears that Southern University was represented at trial and on appeal by Assistant Attorney General David Glen Sanders. See *Clifton J. Richardson v. Southern University, et al.*, No. 3:95-cv-00368, United States District Court for the Middle District of Louisiana.

Sometime prior to June 30, 1995, plaintiff applied for employment with the Louisiana State Police. On June 30, 1995, Debra Johnson, then Director of the State Police Commission advised plaintiff by letter that a review of his application revealed that he was "... not suitable for employment with the Louisiana State Police..." [rec. doc. 41-3, p. 13]

Thereafter, on October 13, 1999, plaintiff filed another ill-fated civil rights complaint in the United States District Court for the Eastern District of Louisiana. He sued Cash America, Inc., of Louisiana on the theory that the defendant was obligated to sell him a handgun, but did not. That suit was dismissed by Judge McNamara on May 18, 2000. The United States Magistrate Judge assigned to the case was Magistrate Judge Karen W. Roby, a defendant in the instant suit. Attorney Michael D. Rubenstein represented defendant Cash America, Inc. See *Clifton Richardson v. Cash America, Inc.*, No. 2:99-cv-3124, United States District Court, Eastern District of Louisiana.

On August 21, 2008, plaintiff submitted pleadings or other documents to the United States Supreme Court for filing. On August 26, 2008, S. Elliott, Deputy Clerk of the Court, returned the papers with a cover letter which stated, "Under Article III of the Constitution, the jurisdiction of this Court extends only to the consideration of cases or controversies properly brought before it from lower courts in accordance with federal law and filed pursuant to the Rules of this Court." [rec. doc. 41-3, p. 7]

It further appears that plaintiff applied for employment at various times with the Monroe and/or Ouachita Parish School Systems, Central Oil and Supply Company, and the Monroe Water Treatment Plant. [rec. doc. 41-3, pp., 23 and 26] He implies that false information provided by a State Police "background check" was relied upon to deny him employment. [see rec. doc. 41-3, p. 9]

Finally, on some unspecified date, plaintiff filed a civil action in the Fourth Judicial District Court under that Court's Docket Number C-2002-5635. Among other things, he sought to subpoena defendant Debra Johnson for discovery purposes. [rec. doc. 41-3, pp. 10 and 12]

Judge Wendell Manning allegedly failed "... to enforce [the] subpoena *duces tecum*..."Plaintiff also sent pleadings associated with the State Court action to Mrs. David M. Rubenstein of New Orleans. Mrs. Rubenstein apparently contacted Judge Manning who instructed her to return the pleadings to plaintiff since she was not involved in the litigation. She did so on September 15, 2008, and advised plaintiff, "This was sent to me by mistake. I am not an attorney and I have never been involved in this action. I am returning this to your attention per Judge Manning's instruction." [rec. doc. 41-3, p. 8]

As noted above, plaintiff's prose is somewhat disjointed and extremely confusing. His prayers for relief are extremely difficult to decipher. It is clear, however, that he does not seek monetary damages. In his original complaint he asks the court to find all defendants in "contempt." He apparently seeks a declaratory judgment with regard to various questions he posed.[1] [rec. doc. 1] In the first amended complaint he asks the court to "determine violations of printed statutes and rules as being in contempt of court" and asks the court to "examine" the cases filed in the Eastern and Middle District Courts. [rec. doc. 5] In the second amended complaint he asks the court to sanction Attorney D. Rubenstein if he "... does not provide the Petitioner with information that leads to other Clifton James Richardson with or without the middle name..." He also requests "... an order that mandates compliance to the Petitioner's request for the reason for an unsuitability letter, information about State Police Officers named Clifton Richardson and the identity information about Gwendolyn Sibley..." and to include

---

[1] Plaintiff posed the following questions: (1) Is it unconstitutional for the United States Supreme Court's Clerk to reject a complaint filed against federal and state officials because they failed to enforce the law? (2) Is it unconstitutional for state officials to ignore a subpoena duces tecum issued in a state civil case? (3) Is it unconstitutional for plaintiff's 1992 accusers to reveal their "true identities." [rec. doc. 1, pp. 7-8]

Attorneys Rubenstein and Sanders "...as members of the listed class..."; and "... to authorize the United States Attorney to view all matters for possible sanction..." [rec. doc. 6]

With regard to the cause of action asserted, plaintiff claims these "wrongs" as the bases of his complaint – the "improper use" of Federal Rules of Civil Procedure Rules 12, 55, 56, and 8 and Louisiana Code of Civil Procedure arts. 1354 and 1357. [rec. doc. 34, p. 3] He concludes this "Reply to Counter Claim" with the following prayer – "... that this Court will access these alleged wrong doings and grant an opinion that reflects the standards of these procedures" and "... for sanction if needed to prompt the Defendants to provide the needed information, so that, relief can be determined such as a Supplement that changes the Defendant's determinations." [rec. doc. 34, p. 4]

Defendants David G. Sanders, Judge Wendell Manning, Southern University Board of Supervisors, Louisiana State Police Troops A, B, and F, Debra Johnson and Monroe Water Treatment Plaint, have all filed Motions to Dismiss which, among other things, allege that plaintiff's complaints provide no factual allegations with regard to each of the defendants. [rec. docs. 19, 22, 25, 27, 29 and 30] Defendant Sandra Elliott has also filed a Motion to Dismiss which raises this same defense. [rec. doc. 44]

Plaintiff invokes the jurisdiction of the court pursuant to 42 U.S.C. §1983 [rec. doc. 1, p. 2, "This action is a Civil Rights Action (42 U.S.C. §1983)."] Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). To state a claim under §1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the

deprivation was caused by a person or persons acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir.1999) (quotation marks omitted); see also *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Thus, in order to prevail, plaintiff must show that the defendants deprived him of a right guaranteed by the Constitution or the laws of the United States, and that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference – not the result of mere negligence, since the negligent deprivation of life, liberty, or property is not a constitutional violation. See *Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995). Moreover, to hold a particular defendant liable under §1983, plaintiff must adduce facts demonstrating the defendant's participation in the alleged wrong. See *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir.1992).

Plaintiff has filed an original complaint [rec. doc. 1], four amended complaints [rec. docs. 5, 6, 7, and 8], and various other pleadings [rec. docs. 10, 11, 15, 36, 37, 38, 41]. In no instance has he alleged the deprivation of any specific rights guaranteed under the Constitution and laws of the United States. In no instance has he alleged facts to establish that any of the defendants were responsible for the violation of a specific constitutional right.

Read liberally, plaintiff's complaints reveal that he is displeased with the results of his prior federal law suits which ended in judgments in favor of the defendants. In those lawsuits, he

complained that he was falsely imprisoned and defamed. He is also displeased that the United States Supreme Court has refused to litigate additional claims that he now seeks to raise in that Court, and he is displeased with the progress of pending litigation in the Louisiana courts. However, with regard to the various defendants he has sued, he has failed to state any claims which would warrant relief under the provisions of 42 U.S.C. §1983. In fact, read liberally, one can only conclude that plaintiff asks this court to intervene in and to correct errors allegedly committed by the United States Courts of the Eastern and Middle Districts of Louisiana, the United States Supreme Court, and Louisiana's Fourth Judicial District Court. However, plaintiff does not cite nor is the undersigned aware of any provision of federal law which would permit this court to provide the relief requested by plaintiff. This court has no supervisory authority or jurisdiction over the other United States District Courts or Louisiana's Fourth Judicial District Court; this court clearly has no supervisory authority over the United States Supreme Court.

Therefore, the Motions to Dismiss filed by defendants Sanders, Manning, Southern University Board of Supervisors, Louisiana State Police, Debra Johnson, the Monroe Water Treatment Plant, and Elliott [rec. docs. 19, 22, 25, 27, 29, 30, 44] should be granted and plaintiff's claims against those defendants should be dismissed for failure to state a claim.

Further, the undersigned notes that plaintiff has also failed to state a claim for which relief might be granted with respect to the remaining defendants – School System of Monroe/Ouachita Parish, Magistrate Judges Noland and Roby, Attorney Rubenstein, Central Oil and Supply Corp., and EEOC Investigator Maple Thomas. None of these defendants have been served. However, since plaintiff's claims against these remaining defendants are manifestly

without merit, the undersigned recommends *sua sponte* dismissal of the complaint against these defendants.

### *3. Motion to Set Aside Entry of Default*

On October 22, 2008, the Clerk of Court entered a default against defendant Sandra Elliott. [rec. doc. 40] On the same date, the United States Attorney filed a Motion to Set Aside the Entry of Default. [rec. doc. 44] Since it plainly appears that plaintiff did not comply with the requirements of FRCP Rule 4(i), the motion should be granted.

Therefore,

Plaintiff's Motions for Appointment of Counsel [rec. docs. 3 and 38] and his Motions to Proceed *in forma pauperis* [rec. docs. 2 and 37] are **DENIED.**

**IT IS RECOMMENDED** that the defendants' Motions to Dismiss [rec. docs. 19, 22, 25, 27, 29, and 30] be **GRANTED**, and, that plaintiff's civil rights complaint against defendants Sanders, Manning, Southern University Board of Supervisors, Louisiana State Police, Debra Johnson and Monroe Water Treatment Plant be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint against all remaining defendants be **DISMISSED WITH PREJUDICE**, *sua sponte*, for failing to state a claim for which relief may be granted;

**IT IS FURTHER RECOMMENDED** that the defendant's Motion to Set Aside Default [rec doc. 44] be **GRANTED** and that the Default entered on October 22, 2008 [rec. doc. 40] be set aside.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, this 29th day of October, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE